HAROLD J. MILSTEIN (No. 145074)
harold.milstein@hellerehrman.com
JOHN C. WILSON (Bar No. 185953)
john.wilson@hellerehrman.com
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, California 94025
(650) 324-7000
(650) 324-0638 (fax)

Attorneys for Plaintiff
SPOTLIGHT SURGICAL, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| SPOTLIGHT SURGICAL, INC., | Case No. 3362 JF RS |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:** |
| v. | 1. **FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a));** |
| DEPUY, INC. and DEPUY SPINE, INC., | 2. **CALIFORNIA UNFAIR COMPETITION (B&P CODE § 17200); AND** |
| Defendants. | 3. **COMMON LAW UNFAIR COMPETITION.** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Spotlight Surgical, Inc., through its counsel, alleges and asserts as follows:

### JURISDICTION AND VENUE

1.    This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§1331, 1332, 1338 and 1367.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims complained of herein occurred, are occurring or will occur within this district, and Defendants may be found in this district.

## INTRADISTRICT ASSIGNMENT

3.      Intradistrict assignment to the San Francisco Division of the Court is appropriate under Local Rule 3-2(c) because Plaintiff has a regular and established business in San Francisco County, California, and a substantial part of the events or omissions at issue occurred, are occurring or will occur within San Francisco County.

## THE PARTIES

4.      Plaintiff Spotlight Surgical, Inc. ("Spotlight Surgical") is a California corporation with its principal place of business located at 394 Pacific Avenue, 5th Floor, San Francisco, California 94111.

5.      Upon information and belief, Defendant DePuy, Inc. is a Delaware corporation with its principal place of business located at 700 Orthopaedic Drive, Warsaw, Indiana 46581. Upon further information and belief, Defendant DePuy Spine, Inc. is an Ohio corporation with its principal place of business located at 325 Paramount Drive, Raynham, Massachusetts 02767. DePuy, Inc. and DePuy Spine, Inc. are referred to collectively in this Complaint as "DePuy" or "Defendants."

## GENERAL ALLEGATIONS

A.      **Plaintiff's "SPOTLIGHT SURGICAL" Trademark and Trade Name**

6.      Spotlight Surgical is a medical device company specializing in the development and production of localized, high-intensity surgical lighting products. Spotlight Surgical has developed a platform of devices for surgical illumination to address the evolving demands of less invasive surgical techniques in multiple disciplines. Spotlight Surgical's technology provides improved methods for illuminating open surgical fields and new technology for illumination during endoscopic procedures.

-2-

7.    Spotlight Surgical incorporated in November 2004 under the name Spotlight Surgical, Inc., which it has used as a trade name extensively and continuously in connection with the development, promotion and/or distribution of its medical device surgical products in the United States.  Spotlight Surgical first began shipping its products under the SPOTLIGHT SURGICAL trade name and trademark at least as early as September 2006. On April 3, 2007, Spotlight Surgical filed the following U.S. Trademark Applications: Serial Nos. 77/147635 and 77/147642 for SPOTLIGHT SURGICAL and Serial Nos. 77/148005 and 77/148008 for SPOTLIGHT SURGICAL and Design.  The SPOTLIGHT SURGICAL trade name and trademark and the SPOTLIGHT SURGICAL and Design trademark are referred to collectively in this Complaint as the "SPOTLIGHT SURGICAL Mark."

8.    Spotlight Surgical has actively and widely promoted its business and products under the SPOTLIGHT SURGICAL Mark within the medical device industry.  For example, in the year 2005 alone, Spotlight Surgical attended well known industry events such as the 2005 American Academy of Orthopedic Surgeons Annual Meeting and the 2005 North American Spine Society Annual Meeting.  In addition, Spotlight Surgical actively met with representatives of such companies as Defendant DePuy Spine, Inc., DePuy Orthopedics, Biomet Manufacturing Corporation, Zimmer, Inc., Abbott Spine, Aesculap, Inc., Globus Medical, K2M Medical, Medtronic, and NuVasive, Inc. to discuss potential business opportunities.  Spotlight Surgical engaged in similar promotional activities in 2006 and continues to do so in 2007.

9.    The SPOTLIGHT SURGICAL Mark is also extensively featured in Spotlight Surgical's promotional materials, including its marketing materials, customer and business presentations, trade show booth displays, corporate communications, letterhead, business cards, billing statements and invoices, among other materials.

10.    The SPOTLIGHT SURGICAL Mark is inherently distinctive and has gained strong secondary meaning in the minds of the consuming public relating to quality products originating from Spotlight Surgical.

-3-

11.    At great cost and expense and through years of effort, Spotlight Surgical has developed strong demand for its products in the marketplace. The SPOTLIGHT SURGICAL Mark is widely recognized by the trade and the consuming public as indicating the source of Spotlight Surgical's products and as distinctive of Spotlight Surgical's products, resulting in substantial goodwill of great importance and value to Spotlight Surgical. Indeed, the SPOTLIGHT SURGICAL Mark is Spotlight Surgical's identity.

**B.    Defendants' Wrongful Conduct**

12.    Upon information and belief, Defendants develop, manufacture and market various orthopaedic devices and supplies to the medical industry.

13.    Spotlight Surgical has learned that Defendants have commercially launched, or are preparing to commercially launch, a surgical product and/or family of products under the name and mark SPOTLIGHT.

14.    In addition to commercially using the SPOTLIGHT mark, Defendants filed on December 14, 2006 U.S. Trademark Application Serial No. 77/064566 for the mark SPOTLIGHT for use in connection with "Orthopaedic spinal implants; surgical instruments used in connection with spinal implants." The SPOTLIGHT mark that Defendants are using and/or planning to use and that is reflected in Defendants' trademark application is referred to in this Complaint as the "Infringing Mark."

15.    Upon information and belief, Defendants filed its federal application to register the Infringing Mark and began using and/or began making plans to use the Infringing Mark well after Spotlight Surgical adopted and began using its SPOTLIGHT SURGICAL Mark in commerce throughout the United States. Like Spotlight Surgical, Defendants are using and/or intending to use their mark in connection with medical device surgical products.

16.    Upon information and belief, Defendants were aware of Spotlight Surgical's use of the SPOTLIGHT SURGICAL Mark in connection with its medical device surgical products before Defendants began taking steps to use and seek registration of the Infringing

-4-

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Mark for their surgical products. Specifically, throughout 2005 and 2006, Spotlight Surgical held in-person meetings, participated in telephone conferences, exchanged emails and correspondence, provided product materials and descriptions, and made presentations to various representatives of Defendants regarding potential business opportunities relating to Spotlight Surgical's products offered under the SPOTLIGHT SURGICAL Mark. For example, Defendants expressed interest in retrofitting one of their retractor products with Spotlight Surgical's surgical lighting products, and the parties had numerous discussions and communications about a collaboration.

17.    Spotlight Surgical has not consented to, sponsored, endorsed or approved Defendants' use of the Infringing Mark on or in connection with any products or services.

18.    Defendants' use and/or intended use of the Infringing Mark in interstate commerce in connection with its products is likely to confuse, mislead, and deceive customers, purchasers, and members of the public as to the origin of the mark, or cause these persons to believe that the goods have been sponsored, endorsed, approved, authorized, or licensed by Spotlight Surgical, and/or that Defendant is in some way affiliated or connected with Spotlight Surgical.

19.    Because there is no affiliation between Spotlight Surgical and Defendants, Spotlight Surgical has no control over the nature and quality of Defendants' products. Accordingly, not only are consumers likely to be confused or deceived into believing that Defendants or their products are sponsored, endorsed, approved, authorized, or licensed by Spotlight Surgical, but the valuable reputation and distinctiveness of the SPOTLIGHT SURGICAL Mark are likely to be diminished and diluted by association with Defendants' uncontrolled products.

20.    Defendants' sale or intended sale of products in commerce under the Infringing Mark without the consent of Spotlight Surgical is also likely to cause reverse confusion, whereby the consuming public is confused and deceived into believing that products offered by Spotlight Surgical originated with, are sponsored by, are associated with, or are affiliated with Defendants. Such confusion will damage the reputation of

-5-

Spotlight Surgical in the minds of the consuming public and also deprive Spotlight Surgical of the goodwill and promotional value generated by its own products, trademark and advertising.

21.    Spotlight Surgical has requested that Defendants cease their acts of unfair competition and false designation of origin and/or false representation and has given Defendants actual notice of Spotlight Surgical's trademark applications and common law trademark rights, but Defendants have willfully refused to cease their wrongful acts.

## FIRST CLAIM FOR RELIEF

### Federal Unfair Competition

### *[Lanham Act § 43(a), 15 U.S.C. § 1125(a)]*

22.    Spotlight Surgical incorporates the allegations contained in paragraphs 1 through 21 above as though fully set forth in this paragraph.

23.    Defendants' sale or intended sale of products in commerce under the Infringing Mark without the consent of Spotlight Surgical is likely to confuse and deceive the public into believing that Defendants or Defendants' products are associated with Spotlight Surgical or its SPOTLIGHT SURGICAL Mark, or are sponsored or endorsed by Spotlight Surgical, and thereby constitutes unfair competition and false designation of origin and/or false representation in violation of 15 U.S.C. § 1125(a).

24.    Defendants' sale or intended sale of products in commerce under the Infringing Mark without the consent of Spotlight Surgical is likely to cause reverse confusion, whereby the consuming public is confused and deceived into believing that products offered by Spotlight Surgical originated with, are sponsored by, are associated with, or are affiliated with Defendants, and thereby constitutes unfair competition and false designation of origin and/or false representation in violation of 15 U.S.C. § 1125(a).

25.    Defendants' acts of unfair competition and false designation of origin and/or false representation were, and continue to be, done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive. Defendants have had actual notice of Spotlight Surgical's trademark rights. As a direct and proximate result of Defendants'

willful and deliberate conduct, Spotlight Surgical has suffered, and will continue to suffer, substantial injuries, loss and damage to its business and goodwill in an amount to be proved at time of trial.

26.    If Defendants are permitted to continue their willful and deliberate acts of unfair competition and false designation of origin and/or false representation, Spotlight Surgical will be irreparably harmed.  Monetary damages alone cannot compensate Spotlight Surgical for the harm that Defendants will cause to Spotlight Surgical.  Spotlight Surgical is entitled to injunctive relief prohibiting Defendants from using confusingly similar marks in connection with their products.

## SECOND CLAIM FOR RELIEF

### California Unfair Competition

### *[Cal. Bus. and Prof. Code § 17200 et seq.]*

27.    Spotlight Surgical incorporates the allegations contained in paragraphs 1 through 26 above as though fully set forth in this paragraph.

28.    Defendants' activities as described above constitute unfair and unlawful practices in violation of California Business and Professions Code § 17200 *et seq.* to the injury of Spotlight Surgical and the public.  As a direct and proximate result of Defendants' willful and deliberate conduct, Spotlight Surgical has suffered, and will continue to suffer, substantial injuries, loss and damage to its business and goodwill in an amount to be proved at time of trial.

29.    If Defendants are permitted to continue their willful and deliberate acts of unfair competition, Spotlight Surgical will be irreparably harmed.  Monetary damages alone cannot compensate Spotlight Surgical for the harm that Defendants will cause to Spotlight Surgical.  Spotlight Surgical is entitled to injunctive relief prohibiting Defendants from using confusingly similar marks in connection with their products.

# THIRD CLAIM FOR RELIEF

## Common Law Unfair Competition

30.     Spotlight Surgical incorporates the allegations contained in paragraphs 1 through 29 above as though fully set forth in this paragraph.

31.     Defendants' activities complained of herein constitute unfair and unlawful practices in violation of the common law of the State of California to the injury of Spotlight Surgical and the public.

32.     As a direct and proximate result of Defendants' willful and deliberate conduct, Spotlight Surgical has suffered, and will continue to suffer, substantial injuries, loss and damage to its business and goodwill in an amount to be proved at time of trial.

33.     If Defendants are permitted to continue their willful and deliberate acts of unfair competition, Spotlight Surgical will be irreparably harmed.  Monetary damages alone cannot compensate Spotlight Surgical for the harm that Defendants will cause to Spotlight Surgical.  Spotlight Surgical is entitled to injunctive relief prohibiting Defendants from using confusingly similar marks in connection with their products.

# PRAYER FOR RELIEF

WHEREFORE, Spotlight Surgical prays for entry of judgment in its favor and against Defendants as follows:

1.     A preliminary and permanent injunction restraining and enjoining Defendants, and all of their agents, successors and assigns, and all persons in active concert or participation with any of them, from using or seeking registration of the Infringing Mark, or any other mark or name, alone or in combination with other words or symbols, which is confusingly similar to the SPOTLIGHT SURGICAL Mark, or which is likely to cause confusion or mistake or to deceive;

2.     An order requiring Defendants to withdraw and abandon all applications to register the Infringing Mark, or any other mark or name, alone or in

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

combination with other words or symbols, which is confusingly similar to the SPOTLIGHT SURGICAL Mark, or which is likely to cause confusion or mistake or to deceive;

3. An order requiring Defendants to deliver to Spotlight Surgical all products, labels, marketing, promotional and other materials in their possession, custody or control bearing the Infringing Mark, or any other mark or name, alone or in combination with other words or symbols, which is confusingly similar to the SPOTLIGHT SURGICAL Mark, or which is likely to cause confusion or mistake or to deceive;

4. An order requiring Defendants to file with this Court and serve upon Spotlight Surgical within thirty (30) days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which they have complied with the injunctions in subparagraphs 1 through 3 hereof;

5. An award to Spotlight Surgical of all profits received by Defendants from sales and revenues of any kind made as a result of Defendants' unfair competition and false designation of origin and/or false representation, and all damages Spotlight Surgical has sustained on account of Defendants' unfair competition and false designation of origin and/or false representation, such damages to be trebled pursuant to 15 U.S.C. § 1117;

6. That Spotlight Surgical be awarded its costs and attorneys' fees; and

7. That Spotlight Surgical be awarded such other relief as this Court deems just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# DEMAND FOR JURY TRIAL

Spotlight Surgical demands a jury trial for all claims so triable as provided for in Federal Rule of Civil Procedure 38.

DATED:  June 26, 2007                    Respectfully submitted,

                                         HELLER EHRMAN LLP

                                         By _____
                                             HAROLD J. MILSTEIN
                                             JOHN C. WILSON

                                         Attorneys for Plaintiff
                                         Spotlight Surgical, Inc.

10

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES